Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds therefore, the Full Commission hereby REVERSES the Opinion and Award of the Deputy Commissioner and makes the following Opinion and Award.
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. The date of plaintiff's injury was December 5, 1991.
4. Plaintiff's average weekly wage was $225.00.
5. North Carolina Farm Bureau Mutual Insurance Company was the workers' compensation carrier on the risk.
6. The parties had previously entered into a Form 21 Agreement which was approved on January 24, 1992, and a Form 26 Agreement approved on June 29, 1992. Both of those agreements are incorporated into the record of this hearing.
7. The parties have received an approved Form 24 Agreement from the North Carolina Industrial Commission dated April 2, 1992.
8. Plaintiff had received temporary total disability benefits from December 6, 1991 through April 27, 1992 for a total of 20 3/7 weeks.
9. Plaintiff had received $3,900.60 in unemployment compensation between April, 1992 and May, 1993.
10. The issues at the time of the hearing were:
 A. What temporary total disability, if any, was plaintiff due from April 27, 1992 until May 24, 1993?
 B. What permanent partial disability benefits, if any, was plaintiff due pursuant to N.C.G.S. § 97-31?
 C. Were Dr. Cooper and Dr. Ballenger authorized physicians and should they be approved by the North Carolina Industrial Commission?
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. On December 5, 1991, plaintiff sustained a compensable injury to his back, subsequently diagnosed as a strain and sprain of the cervical and lumbar spine, arising out of and in the course and scope of his employment with defendant-employer.
2. Plaintiff was authorized out of work as a result of the compensable injury from December 6, 1991 through April 27, 1992 and was paid temporary total disability benefits for this time period, totaling 20 3/7 weeks, at his compensation rate of $150.01 per week.
3. Plaintiff was initially treated by Dr. Randolph Williams of Pitt Orthopedic Service, Inc. from December 18, 1991 through February 24, 1992. Dr. Williams was of the opinion on February 24, 1992 that plaintiff walked without a limp or list, was able to move normally, had no pain with neck motion, had no tenderness in the suprascapular muscle area, had normal neurovascular and muscular exam of the upper extremities, had no physical signs of neurologic impairment or radiculopathy in his lower extremities, and he did not detect any muscle weakness or sensory deficit in the lower extremities and diagnosed employee with resolving strain and sprain of the cervical and lumbar spine. Furthermore, Dr. Williams was of the opinion as of February 24, 1992 that plaintiff had reached maximum medical improvement, could return to work at his previous job, and that plaintiff would have no permanent impairment related to his injuries as a result of the compensable accident of December 5, 1991.
4. Plaintiff was then evaluated by Dr. George Scontsas of Kinston who reported on April 27, 1992 that plaintiff was released with no restrictions and no permanent impairment regarding the December 5, 1991 accident.
5. Plaintiff first saw Dr. Edwin Cooper, concerning the subject injury, on September 25, 1992. Plaintiff saw Dr. Cooper on a limited basis through April 1, 1993. Dr. Cooper reported as of April 1, 1993 that plaintiff's neck pain had cleared and his shoulder was doing well. Dr. Cooper who had seen plaintiff for his prior back injury, confirmed that plaintiff had a previous disability rating to his back of ten percent before the accident of December 5, 1991. Dr. Ballenger performed nerve conduction studies in January, 1993 to rule out nerve damage from the accident at the request of Dr. Cooper.
6. Dr. Cooper assigned an additional five percent permanent partial disability to plaintiff's back as a result of the December 1991 compensable injury. Plaintiff's shoulder had not reached maximum medical improvement when last seen by Dr. Cooper.
7. Plaintiff testified that he felt he was physically capable of performing his present level of employment at the time he was released by Dr. Scontsas on April 27, 1992. However, his former job was not available, and, despite a reasonable job search including many applications to companies suggested by a private agency, and by the North Carolina Employment Security Commission plaintiff was unable to obtain and resume employment until May 24, 1993.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to his back on December 5, 1991, arising out of and in the course and scope of his employment with defendant-employer. N.C.G.S. § 97-2 (6).
2. Plaintiff was due and has been paid temporary total disability benefits for his authorized time out of work as a result of the compensable injury from December 6, 1991 through April 27, 1992 at his compensation rate of $150.01 per week. As a result of said accident, plaintiff remained temporarily totally disabled until May 24, 1993. N.C.G.S. §§ 97-29 and 97-2 (a);Burwell v. Winn-Dixie Raleigh, 114 N.C. App. 69, 73,441 S.E.2d 145 (1994).
3. As a result of the injury by accident giving rise hereto, plaintiff sustained an additional five percent permanent partial disability of the back for which he is entitled to compensation at the rate of $150.01 per week for a period of 15 weeks commencing on April 27, 1992, the date he reached the end of the healing period. N.C.G.S. § 97-31 (23). The evidence does not show whether impairment of plaintiff's shoulder will be permanent.
4. To the extent that they have not already done so and the same tends to effect a cure, give relief or lessen employee's period of disability associated therewith, defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, including bills for the treatment administered by Dr. Randolph Williams, Dr. George Scontsas, and Dr. Edwin Cooper, and the nerve conduction studies by Dr. Ballenger in January, 1993, when the bills for the same are submitted on proper forms, through the above-named insurance company, to the Industrial Commission for approval and are approved by the Commission. N.C.G.S. §97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay temporary total disability for the period of April 28, 1992 through May 23, 1993. This compensation having accrued, shall be paid in a lump sum, subject to an attorney's fee hereinafter approved.
2. Defendant shall pay compensation at the rate of $150.01 for 15 weeks for plaintiff's permanent partial disability. This compensation has accrued and shall be paid in a lump sum, subject to an attorney's fee hereinafter approved.
3. A reasonable attorney fee equal to twenty-five percent (25%) of said compensation is approved for plaintiff's counsel, and shall be deducted and paid directly to him.
4. Defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff with Dr. Williams, Dr. Scontsas, and Dr. Cooper, when the bills for the same are submitted on proper forms, through the above-named insurance company, to the Industrial Commission and are approved by the Commission.
5. Defendants shall bear the costs.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ __________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch